## United States District Court
## District of Minnesota

| | |
|---|---|
| Douglas Pomije, | Court file no. _____ (____/____) |
| Plaintiff, | |
| v. | **Complaint** |
| CLX Systems/Westwood Management, Inc.; John Doe 1, 2, and 3; Alex/Matt Doe 4; and Greg Farrell, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendants in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state-law claims.

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4.   Plaintiff Douglas Pomije is a natural person who resides in New Prague, Minnesota, and is a consumer as defined by 15 U.S.C. § 1692a(3).

5.   Defendant CLX Systems/Westwood Management, Inc. ("CLX"), is a Minnesota corporation and collection agency with its mailing address at 95 Hamel Road, P.O. Box 125, Medina (or Hamel), MN 55340, and its registered office at 6031 Woodhill Lane, Rockford, MN, 55373, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6.   Defendants John Doe 1, 2, and 3 are each natural persons and employees of CLX and are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.   Defendant Alex/Matt Doe 4 is a natural person and employee of CLX who identified himself as both "Alex" and "Matt" and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.   Defendant Greg Farrell is a natural person and employee of CLX and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

### *Background*

9.   Pomije allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as

defined by 15 U.S.C. § 1692a(5) ("**the debt**"), namely, a dentist bill for his son, over whom Pomije's ex-wife has sole custody.

10.   Plaintiff's alleged debt was consigned, placed, or otherwise transferred to Defendants for collection.

11.   Thereafter, Plaintiff started receiving collection communications from Defendants in an attempt to collect the debt.

12.   These actions were in violation of multiple provisions of the FDCPA.

## June 16, 2009, letter from CLX

### Attempt to collect incorrect amount

13.   CLX sent a letter dated June 16, 2009, to Pomije, signed by Farrell.

14.   In the letter, CLX claimed Pomije owed $2,087.86, which failed to take into account payments made by insurance providers for Pomije's son, and may have included improper or inaccurate interest charges and other fees.

15.   The June 16, 2009, letter from CLX violated §§ 1692e, 1692e(2), 1692f, and 1692f(1).

## June 29, 2009, phone calls

### CLX hangs up on Pomije

16.   On June 29, 2009, Pomije returned a call from CLX and spoke with Doe 1.

17.   During the call, Doe 1 asked if Pomije was ready to take care of the debt.

18. During the call, Pomije asked why the debt was not submitted to insurance and why the amounts claimed by the dentists and CLX were different.

19. Doe 1 hung up on Pomije abruptly.

20. Doe 1's harassing conduct violated 15 U.S.C. §§ 1692d.

**CLX hangs up on Pomije again**

21. On June 29, 2009, shortly after CLX hung up on Pomije, he called CLX again and spoke with Doe 2.

22. During the call, Pomije asked Doe 2 why Doe 1 hung up on him.

23. During the call, Doe 2 told Pomije that the debt was his responsibility to take care of.

24. Pomije again asked why the debt had not been submitted to insurance

25. Doe 2 hung up on Pomije abruptly.

26. Doe 2's harassing conduct violated 15 U.S.C. §§ 1692d.

*January 28, 2010, phone call to CLX*

**Failure to give mini-*Miranda* warning**

27. On January 28, 2010, Pomije called CLX.

28. Pomije spoke briefly with Doe 4, and was then transferred to Doe 4.

29.     Neither Doe 3 nor Doe 4 gave the "mini-*Miranda*" warning required by 15
        U.S.C. § 1692e(11).

### Harassing, oppressive, abusive, and threatening conduct

30.     During the phone call, Doe 4 belittled Pomije because Pomije pointed out
        that he was not the legal guardian of his son.

31.     During the phone call, Doe 4 yelled at Pomije and verbally abused him.

32.     During the phone call, Doe 4 threatened Pomije, saying "we're going to
        make you pay the whole thing."

33.     During the phone call, Doe 4 told Pomije to "pray for a lifetime of being
        injured."

34.     During the phone call, Doe 4 called Pomije "clown" twice.

35.     During the phone call, Doe 4 told Pomije "you are a joke."

36.     During the phone call, Doe 4 accused Pomije of making a habit of not
        paying his bills, saying "this is kind of old hat for you."

37.     During the phone call, Doe 4 told Pomije to "go tinkle in the corner."

38.     Doe 4's harassing, oppressive, abusive, and threatening conduct violated 15
        U.S.C. §§ 1692d, 1692d(1), 1692d(2).

### Misleading statements about Doe 4's name

39.　During the phone call, Doe 4 first claimed his name was "Alex," and later that it was "Matt."

40.　Doe 4's misleading statements about his name violated 15 U.S.C. §§ 1692e and 1692e(10).

### False threats to sue and garnish

41.　During the phone call, Doe 4 told Pomije "watch out for your summons, it's coming" and says "prepare to get laughed at by a district court judge."

42.　During the phone call, Doe 4 threatened to satisfy the debt from Pomije's salary.

43.　As of the date of this Complaint, Defendants have not sued Pomije or otherwise attempted to seize, garnish, attach, or sell his property or wages.

44.　Doe 4's threats of litigation violated 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5), and 1692e(10).

## *January 28, 2010, letter from CLX*

### Attempt to collect incorrect amount

45.　CLX sent a letter dated January 28, 2010, to Pomije, signed by Farrell.

46.     In the letter, CLX claimed Pomije owed $2,087.86, which failed to take

        into account payments made by insurance providers for Pomije's son, and

        may have included improper or inaccurate interest charges and other fees.

47.     The January 28, 2010, letter from CLX violated 15 U.S.C. §§ 1692e,

        1692e(2), 1692f, and 1692f(1).

## Credit reporting

**Incorrect amount in credit report and
failure to report the debt as disputed**

48.     CLX reported the debt to Equifax, and may have reported it to TransUnion,

        Experian, or CSC.

49.     CLX reported the debt with an "original amount owed" as $2,088.

50.     Despite Pomije's repeated assertions during the January 28, 2010, phone

        call that he only owed 60% of the debt, CLX did not report the debt as

        disputed to Equifax.

51.     CLX's violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692f, and 1692f(1).

## Summary

52.     The above-detailed conduct by Defendants in an effort to collect a debt

        represents violation of multiple provisions of the FDCPA, including, but

        not limited to the provisions enumerated in the preceding paragraphs.

53. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of stress, irritability and impatience with family and friends, marital conflict, lost sleep, and other negative emotions.

## Trial by Jury

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692o

55. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

56. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692-1692o.

57. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Count 2
## Invasion of Privacy by Intrusion Upon Seclusion

58. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

59. Defendants intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and private concerns or affairs by repeatedly and unlawfully attempting to collect a debt.

60. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding on Plaintiff's right to privacy.

61. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns or affairs.

62. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

63. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendants for:

a.  statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.  actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c.  costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

d.  actual damages for the emotional distress suffered as a result of the invasions of Plaintiff's privacy in an amount to be determined at trial; and

such other and further relief as this Court determines just and proper.

**The Glover Law Firm, LLC**

Date: <u>February 22, 2010</u>       <u>*s/Samuel J. Glover*</u>
Samuel J. Glover (#327852)
Randall P. Ryder (#389957)
125 Main Street SE, #250
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.1947
e-mail • email@theglf.com

Attorneys for Plaintiff

## Verification

**Douglas Pomije**, being duly sworn on oath, deposes and says that he is the

Plaintiff in this action; that he makes this verification on his own behalf and

under penalty of perjury, being duly authorized to do so; that he has read the

foregoing Complaint and knows the contents thereof, and that the same is true to

his knowledge, except as to those matters stated on information and belief, and as

to those matters he believes them to be true; that the grounds for his knowledge

and belief is information derived from his books and records, or written

instruments in his possession.


Date: _02 - 22 - 10_____          _____
                                 Douglas Pomije


Subscribed and sworn to before me
this _22_ day of _Februry____, 2010.



Notary Public

RANDALL P. RYDER
Notary Public-Minnesota
My Commission Expires Jan 31, 2014